UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARILYN MAGDALENO,

Plaintiff,

v.

CCFI COMPANIES, LLC,

Defendant.

No.  2:25-cv-00914-DAD-JDP

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

(Doc. No. 11)

This matter is before the court on defendant's motion to compel arbitration.  (Doc. No. 11.)  On August 18, 2025, the pending motion was taken under submission on the papers pursuant to Local Rule 230(g).  (Doc. No. 17.)  For the reasons explained below, the court will grant defendant's motion.

**BACKGROUND**

Plaintiff, Marilyn Magdaleno, brings this wage and hour putative class action against defendant CCFI Companies, LLC.  (Doc. No. 1-4 at 5–47.)  Based upon the allegations of her complaint, plaintiff asserts nine claims arising under California state law.  (*Id.*)  Defendant moves to compel arbitration of plaintiff's claims based upon an arbitration agreement which plaintiff was required to sign as part of defendant's pre-employment onboarding process.  (Doc. No. 11-2 at 5–10.)

/////

1

Defendant filed its pending motion to compel arbitration and an accompanying request for judicial notice[1] on July 18, 2025.  (Doc. Nos. 11, 11-5.)  On August 1, 2025, plaintiff filed her opposition to the pending motion, and on August 11, 2025, defendant filed its reply thereto. (Doc. Nos. 14, 15.)

**LEGAL STANDARD**

A written provision in any contract evidencing a transaction involving commerce to settle a dispute by arbitration is subject to the Federal Arbitration Act ("FAA").  9 U.S.C. § 2.  There is generally a "liberal federal policy favoring arbitration agreements."  *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 504 (2018).  The FAA confers on the parties involved the right to obtain an order directing that arbitration proceed in the manner provided for in a contract between them.  9 U.S.C. § 4.  In considering a motion to compel arbitration, the "court's role under the [FAA] . . . is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  The party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence the existence of an agreement to arbitrate. *Godun v. JustAnswer LLC*, 135 F.4th 699, 708 (9th Cir. 2025); *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014) (citing *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996)). "When deciding a motion to compel arbitration, a district court must treat the facts as they would when ruling on a motion for summary judgment, construing all facts and reasonable inferences that can be drawn from those facts in a light most favorable to the non-moving party."  *Turner v. Tesla, Inc.*, 686 F. Supp. 3d 917, 922 (N.D. Cal. 2023) (internal quotation marks and citation omitted); *see also Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) ("The summary judgment standard is appropriate because the district court's order compelling

[1]  Because in resolving plaintiffs' pending motion to remand the court need not consider the documents listed in defendant's request for judicial notice (Doc. No. 11-5), that request is denied as having been rendered moot.  *See Langer v. Music City Hotel LP*, No. 21-cv-04159-PJH, 2021 WL 5919825, at *5 (N.D. Cal. Dec. 15, 2021) ("The court does not consider this exhibit in deciding this motion, and it therefore denies as moot the request for judicial notice of the exhibit.").

arbitration is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate.") (internal quotation marks and citation omitted).

## ANALYSIS

**A.      Whether There Exists an Agreement to Arbitrate Between the Parties**

"[T]he issues reserved to the courts for decision 'always include' whether an arbitration agreement was formed, even in the presence of a delegation clause." *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022) (citation omitted).  "To take the question of contract formation away from the courts would essentially force parties into arbitration when the parties dispute whether they ever consented to arbitrate anything in the first place." *Id.* (citation omitted).

Plaintiff argues that defendant and plaintiff did not form an agreement to arbitrate because defendant is not a party to the arbitration agreement plaintiff signed.  (Doc. No. 14 at 9–12.)  Plaintiff asserts that the named party in the arbitration agreement is Checksmart Financial, LLC, whereas defendant is CCFI Companies, LLC.  (*Id.* at 7.)  According to defendant's Director of Operations, Christopher Dunn, plaintiff first joined CCFI when the business was known as Checksmart Financial, LLC.  (Doc. No. 11-2 at 2.)  Mr. Dunn explains that Checksmart Financial, LLC then changed its name to CCFI, LLC, and CCFI, LLC subsequently transferred all of its employees to CCFI Companies, LLC.  (*Id.*)  "In connection with that transfer, CCFI Companies, LLC became the assignee of all of the employment relationships of CCFI, LLC, including all rights and obligations under any employment agreement or contract applicable to the employees of CCFI, LLC." (*Id.*)  However, plaintiff argues that the business actually changed its name to CCFI, LLC several years before plaintiff was hired and signed the arbitration agreement.  (Doc. No. 14 at 11.)

This court has previously addressed this exact situation, where the arbitration agreement "mistakenly labels plaintiff's employer as Checksmart Financial, LLC rather than CCFI Companies, LLC." *Yancey v. Ccfi Cos., LLC*, No. 2:24-cv-02187-DAD-JDP, 2025 WL 2719361, at *3 (E.D. Cal. Sept. 24, 2025).  *Yancey* also involved an identical arbitration agreement to the

3

one at issue here.  *Compare* Case No. 2:24-cv-02187-DAD-JDP, Doc. No. 18-2 at 5–10 (E.D. Cal. Jan. 7, 2025), *with* (Doc. No. 11-2 at 5–9).  In both actions "finalization of plaintiff's hiring as defendant's employee was contingent upon" the plaintiff signing the arbitration agreement. *Yancey*, 2025 WL 2719361, at *3; (*see* Doc. No. 14 at 8).  In both actions, "additional paperwork that plaintiff signed" referred to the employer as "CCFI."  *Yancey*, 2025 WL 2719361, at *3; (see Doc. No. 14-1 at 5).  And in both actions, the plaintiff submitted no evidence to suggest that when they signed the arbitration agreement, they did not intend to enter into an arbitration agreement with defendant.  *Yancey*, 2025 WL 2719361, at *3; (see Doc. Nos. 14, 14-1, 14-2, 14-3). Accordingly, the analysis in *Yancey* applies with equal force to this action.  For the reasons discussed in *Yancey*, the court finds that the parties to this action did form an agreement to arbitrate.

**B.       Whether the Delegation Clause is Clear**

"[P]arties are free to delegate the adjudication of the gateway questions to the arbitrator, so long as they do so 'clearly and unmistakably.'"  *Acosta v. Brave Quest Corp.*, 733 F. Supp. 3d 920, 926 (C.D. Cal. 2024) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).  "Clear and unmistakable evidence of an agreement to arbitrate arbitrability 'might include . . . a course of conduct demonstrating assent . . . or . . . an express agreement to do so.'"  *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) (quoting *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011)).

Plaintiff concedes that the arbitration agreement contains a clause purporting to delegate the question of arbitrability to the arbitrator, but argues that other provisions of the arbitration agreement, ¶¶ 9(b), 9(c), & 9.3, contradict this delegation clause and as such the delegation is not sufficiently clear to be effective.  (Doc. No. 14 at 12–14.) Again, in *Yancey* this court addressed and rejected plaintiff's exact argument with regard to ¶¶ 9(b), 9(c), & 9.3 of the same arbitration agreement.  2025 WL 2719361, at *6–7.  For the same reasons discussed in *Yancey*, the court concludes that the arbitration agreement "clearly and unmistakably delegates questions of arbitrability, including unconscionability, to the arbitrator for

/////

all claims except challenges to the class, collective, and PAGA waivers, and this court is required to enforce that agreement." *Id.* at *7 (cleaned up) (citation omitted).

**C.      Whether the Delegation Clause is Unconscionable**

Plaintiff next argues that the arbitration agreement as a whole, as well as the delegation clause specifically, are unconscionable and therefore unenforceable.  (Doc. No. 14 at 14–29.)

"When considering an unconscionability [or other enforceability-related] challenge to a delegation provision, the court must consider only arguments 'specific to the delegation provision.'" *Mohamed*, 848 F.3d at 1210 (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 73 (2010)).[2]

> To demonstrate unconscionability of Defendants' delegation clause under California law, Plaintiffs must show that the clause is both procedurally and substantively unconscionable.  *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 690 (2000).  "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa."  *Id.*   If there is "substantial procedural unconscionability . . . , even a relatively low degree of substantive unconscionability may suffice to render the agreement unenforceable."  *OTO, LLC v. Kho*, 8 Cal.5th 111, 251 Cal.Rptr.3d 714, 447 P.3d 680, 693 (2019).

*Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 681 (9th Cir. 2024), *cert. denied,* __U.S.__, 146 S. Ct. 96 (2025).

Plaintiff argues that the delegation clause is substantively unconscionable because (1) the agreement's attorney's fees provision imposes a risk on plaintiffs that they would not face in

---

[2]  The court may not address plaintiff's arguments as to the unconscionability of the arbitration agreement as a whole.  *Rent-A-Ctr.*, 561 U.S. at 74 ("It may be that had Jackson challenged the delegation provision by arguing that these common procedures *as applied* to the delegation provision rendered *that provision* unconscionable, the challenge should have been considered by the court. . . .  Jackson, however, did not make any arguments specific to the delegation provision; he argued that the fee-sharing and discovery procedures rendered the *entire* Agreement invalid."); *see also Christian v. Pressed Juicery, Inc.*, No. 2:20-cv-10919-AB-JC, 2021 WL 4771801, at *5 (C.D. Cal. Apr. 23, 2021) ("Plaintiff fails to explain how the delegation clause could be the product of economic duress, and fails to show how the terms of the delegation clause (as opposed to the Arbitration Agreement as a whole) are substantively unconscionable."); *Felter v. Dell Techs., Inc.*, No. 21-cv-04187-VC, 2022 WL 3010173, at *2 (N.D. Cal. July 29, 2022) ("Perhaps the fee could also support an argument for economic duress.  . . .  But the arbitration agreement clearly delegates these questions to the arbitrator.").

court; (2) the carve out for the Class Action Waiver lacks mutuality; and (3) it is unclear how the court could determine whether the central purpose of the agreement is tainted with illegality if it only decides a portion of plaintiff's enforceability challenges.  (Doc. No. 14 at 26–29.)

        1.      <u>Attorney's Fees</u>

A "provision permitting an award of attorney's fees to the prevailing party [can be] substantively unconscionable under California law" as applied to a delegation clause.  *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1003 (9th Cir. 2021).  However here, the contested attorney's fees provision states that "[t]he prevailing party in any arbitration shall be entitled to recover his/her/its reasonable attorney's fees and costs, but only to the extent authorized by valid contract or statute."  (Doc. No. 14 at 27.)  "Under the 'American Rule,' each litigant 'pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'"  *Kittrell v. USA Debusk LLC*, No. 25-cv-02432-MMC, 2025 WL 3049883, at *8 (N.D. Cal. Oct. 31, 2025) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010)).  "The Court interprets the above-quoted provision in the Arbitration Agreement as restating this 'bedrock principle,' i.e., that the American Rule applies unless a statute or contract contains an attorney's fees provision."  *Id.*

Because attorney's fees would be available in court under these same circumstances, the arbitration agreement's provision for attorney's fees is not substantively unconscionable.  *See Muhammad v. Battle-Tested Strategies, LLC*, No. 2:21-cv-07225-VAP-JPR, 2021 WL 6298348, at *5 (C.D. Cal. Dec. 2, 2021) ("[T]he Agreement states that:  'If any party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs, the party can recover attorneys' fees and costs to the same extent as if the claim had been brought in court.'  The Court does not find that the attorney's fees provision is substantively unconscionable.") (citation omitted); *Zamudio v. Aerotek, Inc.*, 733 F. Supp. 3d 931, 945 (E.D. Cal. 2024) ("In this case, the arbitration agreement does not allow for award for attorneys' fees unless otherwise authorized by the statute at issue.  The cost provision in the arbitration agreement is consistent with the California Supreme Court's mandate in *Armendariz* [*v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000)], as it does not

impose any expense beyond what a party would be required to bear if she were free to bring the action in court."); *Nickless-Purcell v. RMR Grp., LLC*, No. 24-cv-01718-BAS-DTF, 2025 WL 2770638, at *5 (S.D. Cal. Sept. 29, 2025) ("This Arbitration Agreement does not award fees according to the prevailing party.  Instead, the arbitrator can award attorney's fees 'only if' required by law or when demanded by an unconscionability analysis under state law. . . . [L]imiting attorney's fees to the boundaries of state law is substantively acceptable[.]"); *cf. Lim*, 9 F.4th at 1003. ("Importantly, Lim would not face that risk in federal court because California public policy 'unequivocally prohibits an employer from recovering attorney fees for defending a wage and hour claim.'") (citation omitted).

2.    Class Action Waiver Carve-Out

Plaintiff next argues that the delegation clause is substantively unconscionable because it carves out an issue from arbitration that is "most important to [d]efendant"—the enforceability of the Class Action Waiver.  (Doc. No. 14 at 27.)  "The enforceability of the class action waiver affects both parties."  *Rivera v. Uniqlo Cal., LLC*, No. 17-cv-02848-JAK-JPR, 2017 WL 6539016, at *14 (C.D. Cal. Sept. 8, 2017).  Here, as in *Rivera*, "[p]laintiff has provided no authority in support of his position that this is evidence of a lack of mutuality or that it makes the Arbitration Agreement unconscionable." *Id.*  Accordingly, the court concludes that the Class Action Waiver carve-out does not support a finding of substantive unconscionability.

3.    Splitting Enforceability Challenges

Finally, plaintiff argues that it is unclear how the court could determine whether the central purpose of the agreement is tainted with illegality if it only decides a portion of plaintiff's enforceability challenges.  (Doc. No. 14 at 28.)  Plaintiff does not explain why this potential uncertainty would render the delegation clause substantively unconscionable.  Nor does plaintiff offer any authority in support of this contention.  Accordingly, the court is unpersuaded by plaintiff's argument.

Because plaintiff has not demonstrated that the delegation clause is substantively unconscionable, and substantive unconscionability is necessary to a finding of unconscionability, plaintiff has failed to demonstrate that the delegation clause is unenforceable as unconscionable.

7

*See Heckman*, 120 F.4th at 681.  Accordingly, the court will enforce the parties' delegation clause.

**D.      Class Action Waiver**

Defendant argues that this court should dismiss plaintiff's class claims because pursuant to the arbitration agreement, she agreed to arbitrate her claims on an individual basis only.  (Doc. No. 11-1 at 15–17.)  An arbitration agreement may contain an enforceable waiver of the right to initiate or participate in a class action.  *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011).  Here, the terms of the arbitration agreement require an employee "to bring any dispute in arbitration on an individual basis only." (Doc. No. 11-2 at 7.)  Plaintiff expressly waived the right to initiate or participate in any class action.  (*Id.*)  Apart from her arguments concerning inconsistency in the arbitration agreement as to delegation, plaintiff does not contend that the class action waiver is inapplicable or unenforceable.  In addition, any such challenges would be for this court to decide pursuant to the terms of the agreement.  (*Id.*)  Therefore, the court will give effect to the arbitration agreement's class action waiver and dismiss plaintiff's putative class claims.  *See Concepcion*, 563 U.S. at 351; *Marshall v. GrubHub Inc.*, No. 24-cv-01218-JGB-DTB, 2025 WL 2427981, at *4–6 (C.D. Cal. May 16, 2025) (finding that the parties had agreed to arbitrate their dispute, that the plaintiff had failed to show that the delegation clause in the arbitration agreement at issue was unconscionable, and that it was appropriate to dismiss the plaintiff's putative class claims pursuant to the agreement's waiver provision); *Tercero v. Sacramento Logistics LLC*, No. 2:24-cv-00953-DC-JDP, 2025 WL 43125, at *13 (E.D. Cal. Jan. 7, 2025) (giving "effect to the Arbitration Agreement's class action waiver and dismiss[ing] all of Plaintiff's putative class claims"); *Davtian v. Uber Techs., Inc.*, No. 24-cv-05195-CRB, 2024 WL 4681590, at *5–6 (N.D. Cal. Nov. 4, 2024) (finding that arbitrability was delegated to the arbitrator but the "class action waivers here provide that the Court should decide their validity," and subsequently dismissing the plaintiff's class claims); *see also Montes v. Capstone Logistics, LLC*, No. 1:24-cv-01485-SAB, 2025 WL 2505561, at *11 (E.D. Cal. Sept. 2, 2025) ("Other than arguing the Agreement as a whole is unconscionable, Plaintiff does not address Defendants' request to enforce the class waiver, nor does she argue that the waiver is unenforceable.

8

Accordingly, the Court recommends giving effect to the Agreement's class waiver provision and dismissing Plaintiff's putative class claims.").

## CONCLUSION

For the reasons explained above:

1.      Defendant's motion to compel arbitration (Doc. No. 11) is GRANTED and plaintiff's individual claims are compelled to arbitration, where the arbitrator shall determine threshold questions of arbitrability;

2.      Plaintiff's putative class claims are DISMISSED without prejudice;

3.      This action is STAYED pending the completion of arbitration;

4.      Plaintiff and defendant are required to notify the court that arbitration proceedings have concluded within fourteen (14) days of the issuance of the arbitrator's decision; and

5.      Because the action is now stayed pending the completion of arbitration, all currently calendared dates in this case are VACATED.

IT IS SO ORDERED.

Dated:    **March 4, 2026**                     _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE